IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

| | | |
|---|---|---|
| **RENEE (COG) FEREBEE,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-16-3482 |
| | * | |
| **UNITED STATES OF AMERICA,** | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Renee (Cog) Ferebee brings this *pro se* action against Defendant United States[1] for alleged mail tampering, verbal attacks, and threats by three employees at the United States Post Office located at 4806 Saint Barnabas Road, Temple Hills, Maryland. ECF No. 4. Presently pending before the Court is Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), (b)(5), and (b)(6), ECF No. 7, and Defendant's Motion to Strike, ECF No. 13. No hearing is necessary. Local Rule 105.6 (D. Md. July 1, 2016). For the following reasons, Defendant's Motion to Dismiss is granted and Defendant's Motion to Strike is granted.[2]

### I. BACKGROUND

This is Ferebee's second suit against the Temple Hills Post Office. *Ferebee v. Temple Hills Post Office*, No. GJH-14-02451, 2014 WL 5342845, at *1 (D. Md. Oct. 20, 2014), *aff'd*,

---

[1] Plaintiff brought her suit against the United States Postal Service, however, in claims under the Federal Tort Claims Act (FTCA), the remedy against the United States is exclusive of any other civil action or proceeding for money damages against a federal agency. Therefore, the United States shall be substituted for Defendant United States Post Office. *See* 28 U.S.C. §§ 2679(a), 1346(b).

[2] Also pending is Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, which shall be granted, as Plaintiff appears to be indigent.

590 F. App'x 276 (4th Cir. 2015) (dismissing complaint for lack of subject matter jurisdiction).[3] Plaintiff alleges that despite relocating from the Post Office in Suitland, Maryland, to the Post Office in Temple Hills, Maryland, she continues to experience the "same abuse." ECF No. 4 at 6.[4] She claims that employees at the Temple Hills Post Office are tampering with her mail and subjecting her to verbal attacks and threats. *Id.* Plaintiff also states that the Post Office has intentionally opened her mail. *Id.* Plaintiff points to three female employees in particular, "Tracy," Tameka Robinson, and Robin Harris, who she claims harass her when she enters the Post Office to collect her mail. *Id.* at 6–7. Plaintiff states that she feels her safety is in jeopardy and endures mental stress when she enters the Post Office. *Id.* at 7.

Plaintiff has filed this action against the United States Post Office, requesting $500 billion dollars for mail tampering, tort, sabotage, threats, harassment, retaliation, and conspiracy. *See* ECF No. 4 at 7. Defendant, by and through the United States Attorney for the District of Maryland, has moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), insufficient service of process under 12(b)(5), and failure to state a claim upon which relief can be granted under 12(b)(6). ECF No. 7. Plaintiff has responded in opposition, ECF No. 9, and also filed several supplemental filings, ECF Nos. 11 and 12, which Defendant has moved to strike, ECF No. 13. Having reviewed the filings and relevant

---

[3] Renee (Cog) Ferebee has litigated frequently in this jurisdiction. *See Ferebee v. E. Motors Dealership*, No. CV PWG-17-165, 2017 WL 2973944, at *1 (D. Md. July 12, 2017); *Ferebee v. Jeanett P. Henry, LLC*, No. CV PWG-17-1397, 2017 WL 2812803, at *1 (D. Md. June 28, 2017); *Ferebee v. Petty*, PWG-17-1503 (D. Md. June 1, 2017); *Ferebee v. Scott Mgmt. Prop.*, PJM-17-1072 (D. Md. Apr. 18, 2017); *Ferebee v. Int'l House of Pancakes*, No. CV DKC 15-3840, 2016 WL 1642960, at *1 (D. Md. Apr. 26, 2016), *aff'd*, 668 F. App'x 536 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 680, 196 L. Ed. 2d 562 (2017), *reh'g denied*, 137 S. Ct. 1244, 197 L. Ed. 2d 485 (2017); *Ferebee v. Dollar Tree Store Franchise*, PX-17-0643 (D. Md. Apr. 7, 2017); *Ferebee v. Dept' of Human Relations Comm'n*, TDC-16-3803 (D. Md. Nov. 28, 2016); *Ferebee v. Shoppers Food*, PX-16-3645 (D. Md. Nov. 7, 2016); *Ferebee v. Sheehy Ford Dealership*, 16-3142 (D. Md. Sept. 13, 2016); *Ferebee v. Sally Beauty Supply Store*, PX-16-2911 (D. Md. Aug. 26, 2016); *Ferebee v. United Medical Center*, PX-16-2879 (D. Md. Aug. 15, 2016); *Ferebee v. Lexy Corp.*, PWG-13-3931 (D. Md. Dec. 31, 2013); *Ferebee v. Int'l House of Pancakes*, DKC-13-3817 (D. Md. Dec. 19, 2013).

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

authorities, the Court now grants Defendant's Motion to Dismiss. Because Plaintiff's supplemental filings are redundant and do not comply with the requirements set forth in Fed. R. Civ. P 15(a), Loc. R. 105.2(a), and Loc. R. 103.6(d), Defendant's Motion to Strike is also granted.

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, the Plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The Court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647. In ruling on a motion to dismiss under Rule 12(b)(1), the Court "should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Ferdinand–Davenport*, 742 F. Supp. 2d at 777 (quoting *Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### B. Failure to State a Claim

Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Although "no technical forms of pleading are required, a complaint must 'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Engle v. United States*, 736 F. Supp. 670, 671 (D. Md. 1989), *aff'd*, 902 F.2d 28 (4th Cir. 1990) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Accordingly, Defendant may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). However, to overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court should not grant a motion to dismiss for failure to state a

claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50) (1989)).[5]

## III. ANALYSIS

### A. Exhaustion of Remedies

The Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). The FTCA confers jurisdiction on district courts to hear claims "for injury or loss of property, or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission took place." 28 U.S.C. § 1346(b). Since Plaintiff appears to allege a cause of action based upon the negligence and/or wrongful acts or omissions on the part of the Postal Service, the Court construes her claims as if brought under the FTCA. *See* 28 U.S.C. § 2679(a).

To assert a claim against the United States or the Postal Service based upon the FTCA, a plaintiff is required to first file an administrative tort claim. *See* 28 U.S.C. 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Specifically,

---

[5] Because the Court dismisses Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), it will not address, in depth, Defendant's insufficient service of process arguments under 12(b)(5), but finds that because Defendant United States has actual notice of the action, and has entered an appearance in this matter, insufficient service of process would not, alone, cause the Court to dismiss Plaintiff's *pro se* Complaint. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.").

Plaintiff must "present[ ] the claim to the appropriate Federal agency [and the claim must be] finally denied by the agency in writing," 28 U.S.C. § 2675(a). This requirement of administrative exhaustion is jurisdictional and may not be waived. *See Ahmed v. United States*, 30 F.3 d 514, 516 (4th Cir. 1994) (citing *Henderson v. United States*, 785 F. 2d 121, 123 (4th Cir. 1986)).

Under the FTCA, a claim is properly presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, [or] personal injury . . . alleged to have occurred by reason of the incident . . ." 28 C.F.R. § 14.2. Further, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after [the claim has been denied] . . ." 28 U.S.C. § 2401(b).

Here, Defendant has provided a declaration from Kimberley A. Herbst, "Supervisor, Tort Claims Examiner/Adjudicator," stating that she "conducted a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed by or on behalf of Renee Ferebee, the above-named plaintiff. No such claim was discovered." ECF No. 7-2 ¶¶ 1, 4. Herbst also attests that she "conducted a search of all Postal Service tort claim coordinator database records of administrative tort claims received at the local level" and again discovered no such claims made by Plaintiff. *Id.* ¶ 6. In Plaintiff's Opposition, Plaintiff states in conclusory fashion that her case "falls within the subject matter jurisdiction, because of her merits in her case," and "Plaintiff ha[s] endured all administrative rem[ed]ies for the Defendant's Motion to be denied." ECF No. 9 at 3. Despite these assertions, however, Plaintiff attaches no evidence that she submitted a Standard Form 95 or any written notification of the incident to the United States Post Office, and therefore fails to meet her

6

burden of showing that subject matter jurisdiction over the action exists. *See Ahmed v. United States,* 30 F.3d 514, 518 (4th Cir. 1994) (affirming dismissal in FTCA action where claimants failed to present evidence that they exhausted administrative remedies); *Johnson v. United States*, No. CIV. WDQ-14-0582, 2014 WL 6490238, at *4 (D. Md. Nov. 18, 2014) (granting motion to dismiss for lack of subject matter jurisdiction and noting that "Plaintiffs must file tort claims against the United States *in precise compliance* with the FTCA's terms.") (citations omitted) (emphasis in original). Because Plaintiff has failed to exhaust her administrative remedies before filing suit, the Complaint must be dismissed for lack of subject matter jurisdiction.

### B. Sovereign Immunity

Even if Plaintiff had exhausted her administrative remedies, most, if not all of her claims are also barred by the doctrine of sovereign immunity. Although the FTCA waives sovereign immunity for the federal government in certain circumstances, it contains several exceptions. Importantly, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of assault, battery . . . libel, slander, misrepresentation, [or] deceit . . ." 28 U.S.C. § 2680(h). Therefore, Ferebee's claims of threats, harassment, and defamation would fall squarely under this exception. Additionally, the FTCA contains a provision commonly referred to as the "postal matter exception," which retains sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Whether the postal matter exception applies to Plaintiff's claims of mail tampering is a closer question, and one the Court need not resolve in this Opinion, given that Plaintiff failed to exhaust her administrative remedies. *See Honeycutt v. United States*, 622 F. Supp. 2d 350, 352 (S.D.W. Va. 2008) (discussing the interpretation of "miscarriage" in postal matter exception and exercising

7

jurisdiction over claims that postal employee improperly opened plaintiff's package and discussed the contents in a demeaning manner).

### C. Failure to State a Claim

Finally, although a Complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level, as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). While *pro se* complaints are to be construed liberally, "[p]rinciples requiring generous construction . . . are not, however, without limits . . . [and the Court] cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In this case, Plaintiff fails to provide dates for the alleged incidents, or even a general time frame for her allegations. She makes confusing assertions regarding the Post Office at Suitland Park and the Post Office at Temple Hills, leaving the Court to speculate as to which incidents occurred at which location. Plaintiff describes "verbal attacks" and "threats" without specifying what was said, who made the threats, or any other details from which the Court can ascertain a legally cognizable claim. For these reasons, Plaintiff fails to comply with Rule 8(a), and her Complaint is subject to dismissal under Rule 12(b)(6) in addition to the reasons previously discussed.

Moreover, to the extent Plaintiff has alleged a *Bivens* claim against individual United States Post Office employees Tameka Robinson, "Tracy," and Robin Harris, she has failed to identify any constitutional right that may have been violated. A plaintiff is permitted to allege certain constitutional violations against individual federal officials following the U.S. Supreme Court decision in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 288 (1971) and its progeny. *See, e.g., Jarvis v. E.E.O.C.*, No. CIV.A. PWG-14-3290, 2014 WL 7342317, at *1, n.1 (D. Md. Nov. 13, 2014) (noting that a federal defendant is the proper subject of *Bivens* claim, and that *Bivens* "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.") (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980)). In *Bivens* actions, however, "the Fourth Circuit has adopted a 'heightened pleading standard.'" *Bartrug v. Rubin*, 986 F. Supp. 332, 335 (E.D. Va. 1997) (citing *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 764 (4th Cir. 1990)). Specifically, "complaints against federal officials for constitutional tort causes of action must clearly set forth such facts that will show the existence of the clearly established constitutional right and what the defendants did to violate it—who did what to whom and why." *Id.* (internal citations omitted).

Here, Plaintiff has not identified any constitutional provision that the postal employees may have violated. Verbal attacks and threats, alone, do not implicate the Constitution. *See Gilliam v. McCotter*, No. 5:14-CT-3301-F, 2015 WL 10891007, *2 (E.D. N.C. May 18, 2015) (reasoning that "mere words alone, however violent or offensive, do not . . . state a constitutionally significant claim") (citing *Wilson v. McKeller*, 254 F. App'x. 960 (4th Cir. 2007)). The mishandling of mail similarly does not give rise to relief under *Bivens*. *See Soos v. Potter*, 72 F. App'x. 673, *1 (9th Cir. 2003) (holding that negligent loss of mail could not furnish

9

a basis for *Bivens* action against postal service employees); *Dixie v. Geradot*, No. 1:11-cv-022 JM, 2011 WL 532263, *1 (N.D. Ind. Feb. 9, 2011) (finding no constitutional claim where plaintiff alleged that postmaster mishandled mail after plaintiff changed addresses). Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and shall be dismissed on that basis as well.

### D. Motion to Strike

Defendant has also moved to strike Plaintiff's "supplemental" to her Complaint, ECF No. 11, and "surreply," ECF No. 12, ECF No. 13. Fed. R. Civ. P. 12(f) states that upon motion, "[t]he court may strike from a pleading . . . any redundant, immaterial, [or] impertinent . . . matter." With regard to Plaintiff's proposed amendment, ECF No. 11, Rule 15(a) provides that Plaintiff may amend her complaint once as a matter of course, but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," which shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a); *see also* Loc. R. 103.6(d). In this case, Plaintiff has sought neither opposing party's consent nor the Court's leave before filing her supplement. Moreover, having reviewed ECF No. 11, Plaintiff merely makes a correction regarding one of the postal employee's names, and the amendment is thus futile.

With respect to Plaintiff's proposed surreply, ECF No. 12, Loc. R. 105.2(a) provides that "[u]nless otherwise ordered by the court, surreply memoranda are not permitted to be filed." Further, "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (internal citations omitted). Nothing in Plaintiff's submission indicates that she was unable to contest these matters when first opposing

Defendant's Motion to Dismiss, and in any case, the submission is merely redundant of Plaintiff's previous filings. For these reasons, Defendant's Motion to Strike is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Defendant's Motion to Strike is also granted. A separate Order shall issue.

Date: July 24, 2017

GEORGE J. HAZEL
United States District Judge